IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA CHAVEZ

        Plaintiff,

v.                                                         CIV 11-467 GBW

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

        Defendant.

## ORDER AWARDING ATTORNEY FEES & COSTS UNDER EAJA

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (*doc. 25*) and the Commissioner's Response (*doc. 27*).

Plaintiff's attorney states that she has performed 29.65 hours of work bringing this case in federal court, and requests a fee award of $5,307.35. *Doc.* 26 at 2-3 & Ex. A. The Commissioner objects to Plaintiff's motion on the basis that Plaintiff's briefing before this Court was partly duplicative of Plaintiff's briefing at the administrative level. *Doc. 27* at 1 & Ex. A. The Commissioner correctly asserts that EAJA § 2412(d) only allows Plaintiff to seek fees for the work performed for this Court, and therefore the fee award should be reduced by $1409.63 to reflect only the work performed by Plaintiff's counsel in the instant action. *Id.* at 1-2.

1

The statute reads, in relevant part: ". . . a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in **any civil action** (other than cases sounding in tort), including proceedings **for judicial review of agency action**[.]" 28 U.S.C. 2412(d)(1)(A) (emphasis added). *See Bernal v. Astrue*, 611 F. Supp. 2d 1217, 1221 (N.D. Okla. 2009) (noting, in a review of a decision by the Social Security Administration, that the court "granted Plaintiff's application for an award of. . .fees under. . . 28 U.S.C. § 2412, for the work counsel performed before the Court").

The Court has reviewed Commissioner's exhibit which highlights the portions of the initial brief which were apparently pulled from Plaintiff's administrative briefing. *Doc. 27*, Ex. 1. While significant blocks were "cut-and-pasted," those blocks were integrated into the completely original portions of the initial brief. Even recognizing that portions of the initial brief were imported from the administrative briefing, the Court does not find the 10.75 hours[1] billed for the drafting of the initial brief to be excessive considering the brief as a whole. In fact, it seems likely that Plaintiff's counsel would have spent significantly more time on the brief had she not made use of her previous work.

---

[1] The Commissioner alleges Plaintiff's attorney spent 15.75 hours preparing the initial brief. A review of Plaintiff's counsel's timesheet shows three entries relating to the initial brief, on November 7, 2011, November 30, 2011, and December 6, 2011. *Doc. 26*, Ex. A. These entries, added together, total 10.75 hours.

2

Since the Commissioner has not made any other objections to Plaintiff's motion,[2] this Court hereby GRANTS Plaintiff's Motion for Attorney Fees.

**IT IS THEREFORE ORDERED** that attorney fees are awarded under the Equal Access to Justice Act, 28 U.S.C. §2412(d), payable to Plaintiff in the amount of $5307.35.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] For example, the statute provides that such fees should not be awarded if "the position of the United States was substantially justified…." 28 U.S.C.§ 2412(d)(1)(A). However, the burden of establishing this exception is on the Commissioner and he has not advanced that argument here.